IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELAINE CHATFIELD, as Personal Representative of the ESTATE OF ELSIE LOUISE GRAHAM,

        Plaintiffs,

   v.

BRENNTAG NORTH AMERICA, INC., et al.,

        Defendants.

No. 3:23-cv-01399-HZ

OPINION & ORDER

Devin Robinson
Law offices of Devin Robinson, P.C.
9450 SW Gemini Dr
Beaverton, OR 97008

    Attorney for Plaintiff

Jeanne F. Loftis
Vanessa Grigsby Aaron
Bullivant Houser Bailey PC
1 SW Columbia St, Ste 800
Portland, OR 97204

1 – OPINION & ORDER

Mario Edward Delegato
Aukjen Ingraham
Schwabe, Williamson & Wyatt
1211 SW 5th Ave, Ste 1900
Portland, OR 97204

Brooks MacInnes Foster
Blake Van Zile
Chenoweth Law Group, LLP
510 SW 5th Ave, 4th Floor
Portland, OR 97204

  Attorneys for Defendants

HERNÁNDEZ, District Judge:

  Before the Court is Plaintiff Elaine Chatfield's Motion to Remand. ECF 24. Defendants oppose the Motion. ECF 29, 33, 34. For the following reasons, the Court grants the Motion.

## BACKGROUND

  On August 24, 2023, Plaintiff sued Defendants in Multnomah County Circuit Court, alleging that they manufactured, distributed, or sold products containing asbestos that Elsie Graham purchased and used, contributing to her death from mesothelioma. Ingraham Removal Decl. Ex. A (Complaint), ECF 2. Plaintiff brought claims for strict liability, negligence, reckless conduct, and alter ego/veil piercing, alleging the first two claims against all Defendants. *Id.* ¶¶ 21-146. Relevant here, Defendant Young Suk Chang, individually and doing business as Woodvillage Market & Deli, was sued for allegedly selling talcum products containing asbestos to Ms. Graham. *Id.* ¶ 6(c). Only the strict liability and negligence claims are alleged against Defendant Chang. The Complaint alleges, and all parties agree, that Defendant Chang is a citizen of Oregon. *Id.* Plaintiff is a resident of Oregon. *Id.* ¶ 1. All other Defendants are citizens of states other than Oregon. *Id.* ¶ 6.

2 – OPINION & ORDER

On September 1, 2023, at 12:58 pm, a process server delivered the summons and complaint to Defendant Chang's spouse and coworker, Johnny Lee, at Woodvillage Market & Deli. Pl. Mot. Ex. A (Affidavit of Service). The adequacy of this service of process is disputed. Defendants do not challenge the adequacy of service on any other Defendant.

On September 25, 2023, Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Johnson & Johnson Holdco (NA) Inc., LTL Management, Inc., and Kenvue, Inc. ("J&J Defendants") filed a notice of removal based on diversity of citizenship. ECF 1. J&J Defendants stated that Defendants Brenntag North America, Inc., and Brenntag Specialties, LLC ("Brenntag Defendants") had consented to removal. *Id.* ¶ 5. They further stated, "Removing Defendants need not obtain the consent of Defendant Chang because, as set forth more fully below, Defendant Chang has not been served. Additionally, Defendant Chang was joined to this action is [sic] to defeat removal." *Id.* On October 25, 2023, Plaintiff moved to remand the case to state court, arguing that the Court lacks subject matter jurisdiction. J&J Defendants oppose the motion, arguing that Defendant Chang was not properly served when the notice of removal was filed and that Defendant Chang was fraudulently joined to this action. J&J Def. Resp., ECF 29. The Brenntag Defendants and Defendant Chang join in J&J Defendants' opposition. ECF 33, 34.

## STANDARDS

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a).

The removal statute, 28 U.S.C. § 1441(a), is strictly construed against removal jurisdiction. *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*,

23 F.4th 1167, 1170 (9th Cir. 2022). Courts, therefore, "reject federal jurisdiction 'if there is any doubt as to the right of removal in the first instance.'" *Martinez v. Am.'s Wholesale Lender*, 764 F. App'x 592, 592 (9th Cir. 2019) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)). Due to the strong presumption against removal jurisdiction, "[a] 'defendant seeking removal has the burden to establish that removal is proper.'" *Sharma*, 23 F.4th at 1169 (quoting *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020)).

Although the Ninth Circuit has not decided the issue, courts in this district and elsewhere have concluded that removal based on diversity of citizenship is proper when a properly joined and served foreign defendant files a notice of removal before the in-forum defendant is served with process. *E.g.*, *Cadena v. Polaris Indus. Inc.*, No. 3:23-CV-00443-YY, 2023 WL 6004228, at *2 (D. Or. Aug. 15, 2023) (concluding that the plain language of the removal statute permitted removal under those circumstances), *findings and recommendation adopted*, No. 3:23-CV-00443-YY, 2023 WL 7017837 (D. Or. Sept. 14, 2023).

## DISCUSSION

Defendants assert that removal was proper because Defendant Chang, the in-forum defendant, was not properly served at the time of removal, and even if she had been, removal would still be proper because Defendant Chang was fraudulently joined to this action. The Court concludes that Defendant Chang was properly served at the time of removal and that Defendants have not shown fraudulent joinder. The Court therefore remands the case to state court.

**I.       Service on Defendant Chang**

      **A.       Standard**

The Oregon Rules of Civil Procedure provide that "[s]ummons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to

apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." O.R.C.P. 7(D)(1). "Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant." *Id.* Relevant here, the summons and complaint may be served by "office service by leaving true copies of the summons and the complaint with a person who is apparently in charge of an office[.]" *Id.*

> If the person to be served maintains an office for the conduct of business, office service may be made by leaving true copies of the summons and the complaint at that office during normal working hours with the person who is apparently in charge. Where office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed, by first class mail, true copies of the summons and the complaint to the defendant at defendant's dwelling house or usual place of abode or defendant's place of business or any other place under the circumstances that is most reasonably calculated to apprise the defendant of the existence and pendency of the action, together with a statement of the date, time, and place at which office service was made. For the purpose of computing any period of time prescribed or allowed by these rules or by statute, office service shall be complete upon the mailing.

O.R.C.P. 7(D)(2)(c).

The Oregon Supreme Court has explained that O.R.C.P. 7(D)(1) "sets forth a 'reasonable notice' standard for determining adequate service of summons[.]" *Baker v. Foy*, 310 Or. 221, 224, 797 P.2d 349 (1990). "Rather than requiring a particular manner of service to satisfy the standard of adequate service, the rule endorses the process of examining the totality of the circumstances, to determine if the service of summons was reasonably calculated to provide defendant with notice of the action and reasonable opportunity to appear and defend." *Id.* at 225. Courts use a two-step process to determine whether service of process was adequate under Oregon law. *Id.* at 228. First, the court asks whether the method of service used was "one of those methods described in ORCP 7 D(2), specifically permitted for use upon the particular defendant by ORCP 7 D(3), and accomplished in accordance with ORCP 7 D(2)." *Id.* If so,

5 – OPINION & ORDER

service is presumed to be adequate, and the inquiry ends unless something in the record undermines that presumption. *Id.* at 229. Second, if service did not properly employ one of the specific methods, or something in the record undermines the presumption of adequacy of one of those methods, the court asks whether "the manner of service employed by plaintiff satisf[ies] the 'reasonable notice' standard of adequate service set forth in ORCP 7 D(1)." *Id.* If so, service is adequate; if not, service is inadequate. *Id.*

  B. Application

Defendants argue that service on Defendant Chang's spouse was improper because "Woodvillage Market is neither Ms. Chang's home, nor an office she maintains to conduct business." J&J Def. Resp. 6. They further assert that service was improper because "the person physically receiving the summons must have a business duty to insure the defendant received the summons, and the office must be a location where the person to be served conducts a regular occupational activity," and Defendant Chang's spouse had no such duty. *Id.* (citing *Boyd v. Boyd*, 131 Or. App. 194, 199, 884 P.2d 556 (1994); Van Zile Decl. Ex. 1, ECF 31). Plaintiff counters that Woodvillage Market was Defendant Chang's office, pointing to filings with the Oregon Secretary of State listing the Woodvillage Market address as the principal place of business and address for the business's authorized agent, Defendant Chang. Pl. Reply 4-5, Exs. B, C, ECF 36. Plaintiff also relies on *Abbotts v. Bacon*, in which the Oregon Court of Appeals found office service on a corporation sufficient when the defendant corporation was a bar and the process server handed the summons and complaint to a bartender rather than the registered agent. 133 Or. App. 315, 319, 891 P.2d 1321 (1995).

The Court agrees with Plaintiff. As Plaintiff points out, Defendants rely on counsel's bare assertion in an email that Woodvillage Market is not Defendant Chang's office. *See* Van Zile

Decl. Ex. 1 at 3; Pl. Reply 5. The record shows that Defendant Chang is the owner or registrant and authorized representative of Woodvillage Market, and that service was made at the same address listed as the business's principal place of business. Pl. Mot. Ex. A, Pl. Reply Ex. B. That address is also the mailing address for the authorized representative, Defendant Chang. Pl. Reply Ex. C. Defendant Chang states that she and her spouse operate Woodvillage Market together. Chang Decl. ¶ 6, ECF 32. The evidence indicates that Woodvillage Market is Defendant Chang's office. *Abbotts* establishes that Woodvillage Market can qualify as an office.

Defendants similarly rely on counsel's bare assertion in an email that Defendant Chang's spouse had no business duty to deliver the summons and complaint to her. *See* Van Zile Decl. Ex. 1 at 1. It is undisputed that Defendant Chang and her spouse operate Woodvillage Market together. The process server states that Defendant Chang's spouse was "behind the counter working as a cashier," "appeared to be the only worker in the store" at the time of service, "and was apparently in charge of the store." Pl. Reply Ex. D (Treacy Decl.) ¶¶ 2-3. He identified himself as Defendant Chang's spouse. *Id.* ¶ 4. The process server told him that the documents were for Defendant Chang and that a copy of the documents would also be mailed. *Id.* ¶¶ 5, 7. Nothing in the record undermines this testimony. The Court is not convinced that Defendant Chang's spouse had no business duty under those circumstances. And Defendants do not challenge Plaintiff's assertion that the documents were mailed to Defendant Chang as required for office service. *See* Pl. Reply 5 n.1 (citing Pl. Mot. 16). Plaintiff appears to have met the standard for office service. Nothing in the record undermines the presumption of adequacy of service.

Even if service did not meet the standard for office service, it would still be reasonably calculated to apprise Defendant Chang of the lawsuit. Defendants do not address the reasonable

7 – OPINION & ORDER

notice standard, but Plaintiff establishes that she has met it. Pl. Reply 6-7. Service on Defendant Chang's spouse at a business the couple operated together was reasonably calculated to apprise Defendant Chang of the lawsuit. Several Oregon cases have found service adequate under comparable circumstances. *E.g.*, *Duber v. Zeitler*, 118 Or. App. 597, 601, 848 P.2d 642, *rev. den.* 316 Or. 527, 854 P.2d 939 (1993) (holding that service on the defendant's former wife, with whom he was regularly in contact to pick up mail and visit his children, was adequate where the process server knew the defendant would be visiting his former wife's home in the very near future); *Boyd*, 131 Or. App. at 199-200 (holding that service on the defendant's bookkeeper satisfied the reasonable notice requirement because the business arrangement implied that the defendant would have regular, frequent, and predicable contacts with the bookkeeper); *Gallogly v. Calhoon*, 126 Or. App. 366, 370-71, 869 P.2d 346, *rev. den.* 319 Or. 149, 877 P.2d 86 (1994) (holding that service on defendant's grandmother at her home, followed by service by regular mail, was adequate because the defendant had designated that address for receipt of professional correspondence); *Hoeck v. Schwabe, Williamson & Wyatt*, 149 Or. App. 607, 618, 945 P.2d 534 (1997) (holding that service on receptionist at defendant's place of business, followed by service by certified mail, was adequate).

In sum, service on Defendant Chang was proper. There was a properly joined and served in-forum defendant when J&J Defendants filed the notice of removal. The Court turns to whether Defendant Chang was fraudulently joined, such that removal would still be proper.

## II.     Fraudulent Joinder

### A.     Standard

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889

F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citation omitted). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

There are two ways to establish fraudulent joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Hunter*, 582 F.3d at 1044). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[ ] joined in the action cannot be liable on any theory.'" *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). If, however, "there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quoting *Hunter*, 582 F.3d at 1046) (emphasis in *Grancare*).

The Ninth Circuit has "upheld rulings of fraudulent joinder" when defendants have established that the plaintiffs' claims are barred by the statute of limitations or when defendants have "present[ed] extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Id.* (citations omitted). It has declined to uphold fraudulent joinder rulings when "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548-49.

9 – OPINION & ORDER

In *Grancare* the Ninth Circuit made clear that the test for fraudulent joinder is not equivalent to an evaluation for failure to state a claim under Rule 12(b)(6). "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* at 549. Rather, "[b]ecause the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction.")). "The relative stringency of the standard accords with the presumption against removal jurisdiction, under which we 'strictly construe the removal statute,' and reject federal jurisdiction 'if there is any doubt as to the right of removal in the first instance.'" *Id.* at 550 (quoting *Gaus*, 980 F.2d at 566).

  B. Application

    i. Alleging Fraudulent Joinder

Plaintiff argues that Defendants cannot oppose remand based on fraudulent joinder because they failed to allege in the notice of removal that removal was proper based on fraudulent joinder of Defendant Chang. Pl. Mot. 9-10. The Court disagrees. Plaintiff is correct that a party removing a case to federal court must state the basis for removal jurisdiction in the notice of removal and make any desired amendments to the notice of removal within the thirty-day removal period. *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988) (where removal jurisdiction based on a federal question was not alleged in notice of removal, defendant could not later rely on a federal question to justify removal).

10 – OPINION & ORDER

J&J Defendants adequately alleged fraudulent joinder in the notice of removal. J&J Defendants stated that they "need not obtain the consent of Defendant Chang [to removal] because, as set forth more fully below, Defendant Chang has not been served. Additionally, Defendant Chang was joined to this action is [sic] to defeat removal." Notice of Removal ¶ 5 (citing *Knowles v. Lincoln Nat. Life Ins. Co.*, 279 F. App'x 432 (9th Cir. 2008); *United Comput. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)). The *United Computer Systems* case that Defendants cited addresses fraudulent joinder. Defendants also included a parenthetical citation to *Emrich* that referenced "fraudulently joined parties." This served as adequate notice that Defendants believed there was diversity jurisdiction because the only in-forum defendant was fraudulently joined. In arguing otherwise, Plaintiff relies on cases in which the defendant tried to change its theory of removal. *See* Pl. Reply 8-9 (citing *O'Halloran*, 856 F.2d at 1381; *Castle v. Laurel Creek Co.*, 848 F. Supp. 62, 66 (S.D.W. Va. 1994) (denying motion to amend notice of removal to allege that a defendant was fraudulently joined); *Marsoobian v. Transamerica Life Ins. Co.*, No. 1:16-CV-1412-LJO-MJS, 2016 WL 7173737, at *6-*7 (E.D. Cal. Dec. 9, 2016) (holding that notice of removal did not adequately allege fraudulent joinder where it criticized the allegations against the in-forum defendants as "baseless" and "conclusory")). Those cases are not persuasive here. Defendants' fraudulent joinder argument is properly before the Court.

    ii.  Proving Fraudulent Joinder

Defendants have not met their burden to show that Defendant Chang was fraudulently joined to this action. They rely on two arguments: (1) Plaintiff's claims against Defendant Chang are too vague, and (2) Plaintiff's claims are factually deficient. J&J Def. Resp. 7-11. Both arguments fail. Defendants do not question the viability of Plaintiff's legal theories. As Plaintiff

states, under Oregon law, the seller of a defective product may be sued in tort for products liability. Pl. Mot. 11 (citing *Heaton v. Ford Motor Co.*, 248 Or. 467, 470, 435 P.2d 806, 808 (1967) (adopting Restatement (Second) of Torts § 402A (1965))).

The Ninth Circuit rejected Defendants' first argument in *Grancare*, stating:

> GranCare also makes a series of arguments to the effect that Plaintiffs have not adequately pleaded their claims against Rhodes, and that the district court did not accord sufficient weight to deficiencies in the complaint. Specifically, GranCare argues that the heirs erred in "lumping" Rhodes with other defendants by alleging misconduct against all defendants collectively, that the heirs did not plead their claims with sufficient particularity, and that the heirs did not sufficiently allege negligence. Because these arguments go to the sufficiency of the complaint, rather than to the possible viability of the heirs' claims against Rhodes, they do not establish fraudulent joinder.

889 F.3d at 552. The same reasoning applies here. In support of their argument that the vagueness of the pleadings justifies a finding of fraudulent joinder, Defendants rely on nonbinding authority from twenty years ago. J&J Def. Resp. 9. Those cases are not persuasive in light of *Grancare*. A vaguely pleaded claim relying on a valid theory of liability can be clarified by amendment. Indeed, Plaintiff states that she "will produce witness testimony about Ms. Graham's purchases of Johnson & Johnson talcum powder products at Woodvillage Market & Deli." Pl. Reply 13 (citing Robinson Decl. ¶ 5, ECF 37). There is a possibility that the Multnomah County Circuit Court would find that Plaintiff can state a claim against Defendant Chang. Thus, the vagueness of the pleading is not a basis to find fraudulent joinder.

Defendants' second argument fares no better. Defendants rely on a declaration from Defendant Chang to the effect that Woodvillage Market was not in operation during the time Ms. Graham purchased the asbestos-tainted products, did not sell any talcum products, and did not sell products to Ms. Graham. J&J Def. Resp. 10 (citing Chang Decl.). Defendants also point to depositions from a similar state court action Plaintiff previously filed and assert that no witnesses

12 – OPINION & ORDER

implicated Woodvillage Market as a seller of the asbestos-tainted products. *Id.* at 11 (citing Ingraham Decl. ¶¶ 1-3, ECF 30). Defendants conclude, "Plaintiff has no evidence to support that Ms. Chang 'sold, supplied or otherwise rendered for sale talcum products that contained asbestos that was used by Elsie Graham.'" *Id.*

Defendants' evidence raises fact questions about the viability of Plaintiff's claims against Defendant Chang, and those fact questions are not appropriate to resolve now. Finding fraudulent joinder based on this evidence would require the sort of "searching inquiry into the merits of the plaintiff's case" that *Grancare* disapproved. 889 F.3d at 548-49. In declining to find fraudulent joinder in *Grancare*, the Ninth Circuit declined to rely on an affidavit from the allegedly fraudulently joined defendant, Rhodes, denying the allegations in the complaint. *Id.* at 551. The Ninth Circuit stated that "a denial, even a sworn denial, of allegations does not prove their falsity[.]" *Id.* As Plaintiff states, "Defendants have presented some evidence that conflicts with Plaintiff's allegations, but they have not proven by clear and convincing evidence that Plaintiff has no possibility, with the aid of discovery, of succeeding in a claim against Ms. Chang." Pl. Reply 12.

In sum, Defendants have not met their burden to show that Defendant Chang was fraudulently joined. Because Defendant Chang was a properly joined and served in-forum defendant at the time the notice of removal was filed, removal was improper. There is not complete diversity of citizenship, and the Court lacks subject matter jurisdiction over this action. The case must be remanded to state court.

//
//
//

## CONCLUSION

The Court GRANTS Plaintiff's Motion to Remand [24] and REMANDS this matter to Multnomah County Circuit Court.

IT IS SO ORDERED.

DATED:__December 28, 2023____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

14 – OPINION & ORDER